Thomas A. Aurelio, J.
The widow has brought an action in the Municipal Court to recover the unpaid installments as provided in the settlement agreement and claimed to be due under the double indemnity provision of the policies. In that action, joinder of the children of the deceased insured, named as secondary beneficiaries, was denied upon the ground that the court was thereby requested to render a declaratory judgment. Accordingly, this action was commenced by the insurance company against the widow and the children for a judgment declaring the rights and obligations of the parties with respect to the double indemnity provision. Defendants urge that the court decline to take jurisdiction upon the ground that the action pending in the Municipal Court constitutes an adequate remedy; *197 the children make no claim and there is no present dispute as to them. Plaintiff’s obligation to the children is fixed in the contract and became vested upon the death of the insured, to be divested only upon their death prior to the primary beneficiary. In that sense the rights and obligation are prospective. It is, however, unrealistic to suppose or fail to infer from the allegations of the complaint that the children do not dispute plaintiff’s contention of death by means not covered by the double indemnity provision. That the rights and obligation are prospective is no bar to the maintenance of an action of declaratory judgment. The dispute is present and pertains to the fact of death and its attendant circumstances. The dispute is not contingent save in the sense that the rights and obligation may be prospective. While the secondary beneficiaries may predecease the primary beneficiary or fail in the future to continue to assert a claim, it is sufficient if plaintiff’s contention arising upon the contract is presently disputed, and it is unrealistic to consider that it is not. In this manner too possible multiplicity of suit with varying result will be avoided. It is reasonable and sensible, therefore, to entertain the action. Certainly no prejudice is perceived and none is urged.
The motion is denied.